IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHREN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

THOMAS CROWTHER,

       Plaintiff,

    v.                    Case No. 1:21-CV-04000-MHC

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,
et. al.,

       Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

---

**NESENOFF & MILTENBERG, LLP**
Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Kristen E. Mohr, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
Tel: (212) 736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
kmohr@nmllplaw.com
*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

PRELIMINARY STATEMENT ...............................................................1

STATEMENT OF FACTS ......................................................................1

ARGUMENT ..........................................................................................4

    I.     LEGAL STANDARD ..........................................................4

    II.    PLAINTIFF ALLEGES A PLAUSIBLE TITLE IX CLAIM .............5

          A.    Title VII does not preempt Title IX's implied cause of
                action for sex-based employment discrimination. ....................6

          B.    Defendant mischaracterizes the circuit split regarding
                preemption. ...................................................................8

          C.    Plaintiff has adequately pleaded the required
                elements of a Title IX claim.......................................9

                i.    Plaintiff Pleads Sufficient Facts to Cast an
                        Articulable Doubt on the Accuracy of the
                        Proceedings....................................................11

                ii.    Plaintiff pleads sufficient facts to allege a causal
                        relationship between gender bias and the erroneous
                        outcome.........................................................12

    III.    PLAINTIFF SUFFICIENTLY ALLEGES RETALIATION .............14

    IV.    PLAINTIFF PLAUSIBLY ALLEGES AN EQUAL
          PROTECTION CLAIM .....................................................18

          A.    The Eleventh Amendment does not bar suit against
                Defendants Thorp, Hutton, Keel, and Reed in their
                official capacities .....................................................18

i

B.    Plaintiff has sufficiently pled a violation of the Equal
Protection Clause against Defendants Thorp, Hutton,
Keel, and Reed ..........................................................................20

      i.    Plaintiff sufficiently alleged the individual
Defendants' personal involvement in the
deprivation of Plaintiff's Constitutional rights..............20

C.    Plaintiff's Equal Protection Claim ............................................21

D.    The individual defendants are not entitled to qualified
immunity ....................................................................................24

CONCLUSION ........................................................................................25

# TABLE OF AUTHORITIES

Cases

*AB v. Rhinebeck Cent. Sch. Dist.*,
   224 F.R.D. 144 (S.D.N.Y. 2004) ............................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................4, 20

*Bethel v. Porterfield*,
   293 F. Supp. 2d 1307 (S.D. Ga. 2003) ...............................................22

*Bird v. Univ. of Fla. Bd. of Trs.*,
   No. 1:18-cv-221-AW-GRJ, 2019 U.S. Dist. LEXIS 240230
   (N.D. Fla. Aug. 23, 2019)......................................................................7

*Bivins v. Stein*,
   759 F. App'x 777 (11th Cir. 2018) ......................................................22

*Cannon v. Univ. of Chicago*,
   441 U.S. 677 (1979) .........................................................................5, 8

*Cf. Williams, Scott & Assocs. v. Yates*,
   Civil Action No. 1:19-cv-04253-SDG, 2020 U.S. Dist. LEXIS 114483
   (N.D. Ga. June 30, 2020).....................................................................21

*Cheatham v. DeKalb Cty.*,
   No. 1:14-CV-01887-WSD-JFK, 2015 U.S. Dist. LEXIS 176004
   (N.D. Ga. Dec. 10, 2015).....................................................................22

*City of Cleburne v. Cleburne Living Ctr.*,
   473 U.S. 432 (1985) .............................................................................22

*Collick v. William Paterson Univ.*,
   16-471 (KM) (JBC), 2016 WL 6824374 (D.N.J. Nov. 17, 2016)............... 13, 14

*Cooper v. Ga. Gwinnett Coll.*,
    No. 1:16-CV-01177-TWT-JFK, 2016 U.S. Dist. LEXIS 147705 (N.D. Ga. Sep. 16, 2016) ....................................................................................................6

*Cushmeer-Muhammad v. Fulton Cty.*,
    No. 1:08-CV-3256-GET-JFK, 2009 U.S. Dist. LEXIS 136418
    (N.D. Ga. July 7, 2009) ......................................................................................22

*Doe v. Amherst Coll.*,
    238 F.Supp.3d 195 (D. Mass. 2017) ...................................................................14

*Doe v. Columbia Univ.,*
    *831 F.3d 46 (2d Cir. 2016)* ................................................................................13

*Doe v. Cummins,*
    662 F. Appx. 437 (6th Cir. 2016) ................................................................. 19, 24

*Doe v. Grinnell Coll.*,
    473 F. Supp. 3d 909 (S.D. Iowa 2019) ...............................................................12

*Doe v. Lynn Univ., Inc.,*
    235 F.Supp.3d 1336 (S.D. Fla. 2017) .................................................................14

*Doe v. Marymount Univ.*,
    297 F. Supp. 3d 573 (E.D. Va. 2018) .................................................................11

*Doe v. Mercy Catholic Med. Ctr.,*
    850 F.3d 545 (3d Cir. 2017) at 563 ..................................................................7, 9

*Doe v. Purdue Univ.,*
    928 F.3d 652 (7th Cir. 2019) ..............................................................................24

*Doe v. Rollins Coll.*,
    352 F. Supp. 3d 1205 (M.D. Fla. 2019) .............................................................14

*Doe v. Samford Univ.,*
    No. 2:21-cv-00871-ACA, 2021 WL 3617702 (N.D. Ala. Aug. 15, 2021) ..........10

*Doe v. Trs. Univ. Pennsylvania*,
  270 F. Supp. 3d 799 (E.D. Pa. 2017).....................................................................12

*Doe v. Valencia Coll.*,
  903 F.3d 1220 (11th Cir. 2018) ............................................................................10

*Doe. v. Univ. of Colorado*,
  255 F. Supp. 3d 1064 (D. Colo. 2017) .................................................................25

*Edwards v. Prime, Inc.*,
  602 F.3d 1276 (11th Cir. 2010) ..............................................................................4

*Ex Parte Young*,
  209 U.S. 123 (1908) .............................................................................................24

*Farzinpour v. Berklee Coll. of Music*,
  516 F. Supp. 3d 33 (D. Mass. 2021).......................................................................9

*Fennell v. First Step Designs, Ltd.*,
  83 F.3d 526 (1st Cir. 1996) ..................................................................................16

*Flint v. Dennison*,
  488 F.3d 816 (9th Cir. 2007) ................................................................................25

*Fox v. Pittsburgh State Univ.*,
  257 F. Supp. 3d 1112 (D. Kan. 2017) .....................................................................9

*Ga. State Conference of the NAACP v. Dekalb Cty. Bd. of Registration &*
  *Elections*, 484 F. Supp. 3d 1308 (N.D. Ga. 2020)...................................................6

*Garrett v. Univ. of S. Fla. Bd. of Trs.*,
  824 F. App'x 959 (11th Cir. 2020) ......................................................................15

*Hafer v. Melo*,
  502 U.S. 21, 24, 112 S. Ct. 358 (1991) ................................................................19

*Harris v. Corr. Corp. of Am.*,
  139 F. App'x 156 (11th Cir. 2005) .......................................................................16

*Hauff v. State Univ. of N.Y.,*
    425 F. Supp. 3d 116 (E.D.N.Y. 2019)................................................................7, 9

*Heyne v. Metro. Nashville Pub. Sch.,*
    655 F.3d 556 (6th Cir. 2011) ........................................................................21

*Hunt v. Washoe Cnty. Sch. Dist.,*
    No. 3:18-cv-00501-LRH-WGC, 2019 WL 4262510 (D. Nev. Sept. 9, 2019).......9

*In re OSG Sec. Litig.,*
    971 F. Supp. 2d 387, 395 (S.D.N.Y. 2013) ...........................................................5

*Ivan v. Kent State Univ.,*
    No. 94-4090, 1996 U.S. App. LEXIS 22269 (6th Cir. July 26, 1996)...................9

*Jackson v. Birmingham Bd. of Educ.,*
    544 U.S. 167 (2005) .......................................................................................7,19

*Jenkins v. N.Y.C. Transit Auth.,*
    646 F. Supp. 2d 464 (S.D.N.Y. 2009) ................................................................24

*Keith v. Dekalb Cty.,*
    749 F.3d 1034 (11th Cir. 2014) ..........................................................................20

*Kelley v. Iowa State Univ. of Sci. and Tech.,*
    311 F. Supp. 3d 1051 (S.D. Iowa 2018) ...............................................................9

*Lakoski v. James,*
    66 F.3d 751 (5th Cir. 1995) ......................................................................... 6, 7, 8

*Lassiter v. Ala. A & M Univ.,*
    3 F.3d 1482 (11th Cir. 1993) ..............................................................................19

*LeGoff v. Trs. of Bos. Univ.,*
    23 F. Supp. 2d 120 (D. Mass. 1998)....................................................................17

*Lowrey v. Texas A & M Univ. Sys.,*
    117 F.3d 242 (5th Cir. 1997) ..............................................................................17

*McGinley v. Houston*,
  361 F.3d 1328 (11th Cir. 2004) ...............................................................6

*Menaker v. Hofstra Univ.*,
  935 F.3d 20 (2d Cir. 2019) ...................................................................13

*Miller-Goodwin v. City of Panama City Beach, Florida*,
  385 Fed. Appx. 966 (11th Cir. 2010) ...................................................22

*Mitchell v. City of Lafayette*,
  No. 4:10-CV-00118-HLM-WEJ, 2011 U.S. Dist. LEXIS 160542
  (N.D. Ga. Feb. 11, 2011) ......................................................................24

*N. Haven Bd. of Educ. v. Bell*,
  456 U.S. 512 (1982) .........................................................................5, 8

*Nelson v. Univ. of Me. Sys.*,
  923 F. Supp. 275 (D. Me. 1996) at 284 ...............................................17

*Noakes v. Syracuse Univ.*,
  369 F. Supp. 3d 397 (N.D.N.Y. 2019) ..................................................14

*Norris v. Univ. of Colorado, Boulder*,
  362 F. Supp. 3d 1001(D. Colo. 2019) ..................................................11

*Phillips v. Cty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ...................................................................4

*Posada v. ACP Facility Servs., Inc.*,
  389 F. Supp. 3d 149 (D. Mass. 2019)....................................................15

*Preston v. Va. ex rel. New River Cmty. Coll.*,
  31 F.3d 203 (4th Cir. 1994) ....................................................................9

*ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*,
  652 F. Supp. 2d (D.N.J. 2009)................................................................4

*Qiu v. Univ. of Cincinnati*,
  803 F. App'x 831 (6th Cir. 2020)..........................................................19

*Raniola v. Bratton*,
   243 F.3d 610 (2d Cir. 2001) ....................................................................16

*Rodríguez–Reyes v. Molina–Rodríguez*,
   711 F.3d 49 (1st Cir. 2013) ....................................................................15

*Rolph v. Hobart & William Smith Colleges*,
   271 F. Supp. 3d 386 (W.D.N.Y. 2017) ...................................................12

*Ronzani v. Sanofi S.A.*,
   899 F.2d 195 (2d Cir. 1990) .....................................................................5

Russell v. Nebo Sch. Dist.,
   No. 2:16-cv-00273-DS, 2016 WL 4287542 (D. Utah Aug. 15, 2016) .................9

*Sanders v. N.Y.C. Human Res. Admin.*,
   361 F.3d 749 (2d Cir. 2004) ....................................................................15

*Sandoval v. Hagan*,
   197 F.3d 484 (11th Cir.1999) ..................................................................19

*Santiago v. Warmister Tp.*,
   629 F.3d 121 (3d Cir. 2010) ....................................................................20

*Shepard v. Irving*,
   77 F. App'x 615 (4th Cir. 2003) ..............................................................25

*Wexler v. Kennesaw Pediatrics*, P.C.,
   No. 1:16-CV-1491-TCB-JSA, 2017 U.S. Dist. LEXIS 111038
   (N.D. Ga. May 2, 2017)...........................................................................15

*Whitaker v. Bd. of Regents of the Univ. Sys. of Ga.*,
   No. CV 118-141, 2020 U.S. Dist. LEXIS 153263 (S.D. Ga. Aug. 24, 2020) .....16

*Wilkerson v. Univ. of N. Tex.*,
   223 F. Supp. 3d 592 (E.D. Tex. 2016) .....................................................17

Winter v. Pa. State Univ.,
   172 F. Supp. 3d 756 (M.D. Pa. 2016) .......................................................9

*Wyatt v. City of Boston*,
   35 F.3d 13 (1st Cir. 1994) ......................................................................17

*Yusuf v. Vassar Coll.,*
   35 F.3d 709 (2d Cir. 1994) ................................................... 10, 11, 13

Rules
Fed. R. Civ. P. 12 ......................................................................... 1, 4, 13

## PRELIMINARY STATEMENT

Plaintiff Thomas Crowther, a former professor at Augusta University, hereby opposes Defendants' Motions to Dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth in substantial detail in Plaintiff's seventy-one-page complaint, Defendants subjected Plaintiff to a gender-biased, fundamentally unfair disciplinary process that violated Title IX of the Education Amendments of 1972 as well as Augusta's own written policies. The Complaint sufficiently sets forth factual allegations providing a plausible basis for the causes of action alleged. That is all that is needed. Defendants' Motions to Dismiss (ECF No. 32-33) should be denied.

## STATEMENT OF FACTS

A full accounting of the facts underlying Plaintiff's claims can be found in the Complaint. For the Court's convenience, the pertinent facts are as follows:

Plaintiff Thomas Crowther has taught art courses at Augusta University since 2006, and was promoted to Senior Lecturer in February 2020. Compl. ¶¶ 86-88. In February 2020, a number of undergraduate students conspired to have Plaintiff removed from his position at the University, prodding students and alumni for false information to use for their complaints via social media messages and in-person questioning. Compl. ¶¶ 105-108.

These students brought sexual harassment complaints forward to the Augusta Police Department, and the complaints were forwarded to Defendants Thorp and Reed. Compl. ¶¶ 96-98. The students falsely alleged that Plaintiff improperly took photographs of a nude model in his class and touched female students in class. Compl. ¶ 100. The University commenced an investigation, in which it refused to disclose the complainants' identities and allegations to Plaintiff and kept Plaintiff in the dark throughout the entire investigation. Compl. ¶ 127.

While the investigation was underway, and before a finding had been rendered in Plaintiff's case, Defendant Thorp issued Plaintiff the first negative teaching evaluation of Plaintiff's career, clearly punishing Plaintiff for the Title IX allegations before any decision had been reached in his case. Compl. ¶¶ 136-138. Thorp then met with Plaintiff to initiate the process to terminate Plaintiff with cause, citing policies and memoranda that had never before been used at the University. Thorp told Plaintiff that he had to resign or else he would be terminated. Compl. ¶ 146. The University, however, recommended "further inquiry" into the matter, leaving Plaintiff under immense scrutiny. Compl. ¶ 153.

During the investigation, Plaintiff submitted the names of a number of witnesses to be interviewed by the University, including the very student that Plaintiff was helping on the day that the alleged nonconsensual photograph of the

nude model was taken, as well as a number of former models that modeled for Plaintiff's classes. Compl. ¶¶ 156-162. In total, Plaintiff submitted twenty-two written statements from witnesses, and the Investigators declined to interview a single one. Compl. ¶ 162.

As a result of the University's one-sided investigation, Plaintiff was found responsible for violation of the Sexual Harassment Policy and sanctioned with a one-semester suspension. Compl. ¶ 191. The finding was made without a hearing, as Plaintiff had been promised at the beginning of the investigation, and without an explanation. Compl. ¶ 191. On information and belief, from the time of Plaintiff's suspension, the majority of Plaintiff's scheduled classes were reassigned to female instructors or instructors that were involved in the Title IX process. Compl. ¶ 192.

Plaintiff subsequently appealed his decision to numerous faculty members at Augusta, all of whom upheld the original findings, despite Plaintiff having noted a plethora of procedural deficiencies in his appeal. Compl. ¶ 193-198. Before the final decision was rendered on Plaintiff's appeal, Plaintiff received a letter from the Interim Dean, further sanctioning him to reassignment of his duties to remedial tasks upon his return, and a nonrenewal of his contract following the Spring 2021 semester. Compl. ¶ 202-203. Legal Affairs issued the final rejection of Plaintiff's appeal on April 13, 2021, over one year after the initial complaint. Compl. ¶ 218.

**ARGUMENT**

## I.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires only that a Complaint contain a plain statement of the claim showing that the pleader is entitled to relief. "Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim." *ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 555 (D.N.J. 2009). Rather, a Complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted).

To survive the instant motion to dismiss, Plaintiff's claim to relief must have facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court must accept all of the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiffs. *Edwards v. Prime, Inc.* 602 F.3d 1276, 1291 (11th Cir. 2010).

Finally, even if a court does dismiss certain claims on a Rule 12(b)(6) motion, provides that leave to amend a complaint 'shall be freely given when justice so

requires." *In re OSG Sec. Litig.*, 971 F. Supp. 2d 387, 395 (S.D.N.Y. 2013). "When a motion to dismiss is granted, 'the usual practice is to grant leave to amend the complaint." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (quoting Moore's Federal Practice ¶ 12.14 at 12–99 (2d ed. 1989)).

Plaintiff respectfully submits the Complaint is sufficient on its face to state the claims alleged. To the extent that this Honorable Court determines otherwise, however, any dismissal of claims should be without prejudice, and Plaintiff should be given an opportunity to file a motion for leave to amend, with a proposed amended pleading.

## II.   PLAINTIFF ALLEGES A PLAUSIBLE TITLE IX CLAIM

Title IX provides a private cause of action, *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688–89 (1979), and Title IX applies to employment discrimination, *N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 520 (1982). Plaintiff's Title IX Erroneous Outcome claim alleges discrimination suffered by Plaintiff while employed by Defendant Board of Regents. Defendant's claim that Plaintiff's Title IX claim fails because it must instead be brought under Title VII is incorrect. Defendant presents cases that are of doubtful viability and are clearly distinguishable from this matter. Defendant's Motion should be denied.

### A.    Title VII does not preempt Title IX's implied cause of action for sex-based employment discrimination.

Contrary to Defendant's assertions, Plaintiff's Title IX erroneous outcome claim is not preempted by Title VII. Defendant relies on *Cooper v. Ga. Gwinnett Coll.*, No. 1:16-CV-01177-TWT-JFK, 2016 U.S. Dist. LEXIS 147705, at *15 (N.D. Ga. Sep. 16, 2016) in claiming that Plaintiff's Title IX claim is preempted by Title VII. However, this Court is not bound by *Cooper*, as "[a] fellow district court judge's opinion is not binding precedent." *Ga. State Conference of the NAACP v. Dekalb Cty. Bd. of Registration & Elections*, 484 F. Supp. 3d 1308, 1318 (N.D. Ga. 2020); *see also McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("a district judge's decision neither binds another district judge nor binds him[.]").

Moreover, as noted in Defendant's Motion to Dismiss, *Cooper* relies on the out of circuit decision in *Lakoski v. James*, 66 F.3d 751, 752 (5th Cir. 1995). *Lakoski* is particularly unpersuasive because the Supreme Court effectively called it into question a decade after its issuance. In 2005, *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005), allowed a high-school employee to bring a Title IX retaliation claim. Though *Jackson* did not expressly examine whether Title VII displaces Title IX, it did recognize that the two statutes are "vastly different," and noted that Title IX contains a "broadly written general prohibition on discrimination," whereas Title VII has "greater detail" as to "the conduct that constitutes discrimination." 544 U.S.

at 175. Consequently, following *Jackson*, a number of courts have rejected *Lakoski* to find that Title IX is not preempted by Title VII. *See Doe v. Mercy Catholic Med. Ctr.,* 850 F.3d 545, 559-63 (3d Cir. 2017) at 563 ("*Lakoski*… [was] decided a decade before the Supreme Court handed down *Jackson*, which explicitly recognized an employee's private claim under *Cannon*. We thus question the continued viability of *Lakoski*[.]"); *see also Hauff v. State Univ. of N.Y.,* 425 F. Supp. 3d 116, 131-32 (E.D.N.Y. 2019) ("[T]he reasoning in *Jackson* that Title IX and Title VII are vastly different statutes, further supports the availability of Title IX for employment discrimination claims by employees of educational institutions."); *Bird v. Univ. of Fla. Bd. of Trs*., No. 1:18-cv-221-AW-GRJ, 2019 U.S. Dist. LEXIS 240230, at *14-15 (N.D. Fla. Aug. 23, 2019) ("Congress gave employees the right to sue under Title IX, and it is thus Congress's prerogative—not [the courts']—to alter that course.")

Even if the Court does find *Lakoski* persuasive, the case at bar is clearly distinguishable. In *Lakoski*, the Fifth Circuit explained that although "Lakoski possessed a colorable claim of employment discrimination in violation of Title VII, she chose not to pursue the remedy made available by Title VII. Title VII provides an administrative procedure in which an aggrieved individual must first pursue administrative remedies before seeking judicial relief." *Lakoski*, 66 F.3d at 753. In this case, however, Plaintiff has not attempted to evade the pursuit of the required

administrative remedies under Title VII. On the contrary, he filed an EEOC complaint prior to filing the instant Complaint.[1] Accordingly, there is no threat of skirting the requirements of Title VII and as such, *Lakoski* is distinguishable and not controlling in this matter. Defendant's Motion should be denied on the preemption issue.

### B.    Defendant mischaracterizes the circuit split regarding preemption.

In addressing the circuit split regarding preemption, Defendant frames the split as one concerning whether Title IX provides a private cause of action for employment-discrimination claims at all. *See* ECF 32 at n.6. Yet it is indisputable that Title IX does create a private cause of action, *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688–89 (1979), and that Title IX applies to employment discrimination, *N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 520 (1982). The circuit split specifically concerns the issue of *preemption*: whether Title VII preempts the Title IX cause of action. Regardless of how Defendant wishes to frame the issue, the law is clear: Plaintiff has properly commenced an action for employment discrimination under Title IX, and this claim is not preempted by Title VII.

---

[1] Plaintiff requested future leave to amend with Title VII claims and as such, Defendant's Motion to Dismiss is premature. Compl. ¶ 11 n.1.

Defendant also mischaracterizes the circuit split by improperly claiming that the First, Fifth, Sixth, and Seventh Circuits have held that Title IX is preempted by Title VII. In reality, however, *only* the Fifth and Seventh Circuits have held so. The majority of circuits and most district courts to consider the issue have held that Title VII ***does not*** preempt Title IX employment-discrimination claims. *See e.g.*, *Farzinpour v. Berklee Coll. of Music*, 516 F. Supp. 3d 33, 39 (D. Mass. 2021); *Ivan v. Kent State Univ.*, No. 94-4090, 1996 U.S. App. LEXIS 22269, at *6 (6th Cir. July 26, 1996); *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d at 559-63; *Preston v. Va. ex rel. New River Cmty. Coll.*, 31 F.3d 203, 205-06 (4th Cir. 1994); *Hauff v. State Univ. of N.Y. ,* 425 F. Supp. 3d 116, 133 (E.D.N.Y. 2019) at 133; *Hunt v. Washoe Cnty. Sch. Dist.*, No. 3:18-cv-00501-LRH-WGC, 2019 WL 4262510, at *7 (D. Nev. Sept. 9, 2019); *Kelley v. Iowa State Univ. of Sci. and Tech.*, 311 F. Supp. 3d 1051, 1065 (S.D. Iowa 2018); *Fox v. Pittsburgh State Univ.*, 257 F. Supp. 3d 1112, 1122 (D. Kan. 2017); *Winter v. Pa. State Univ.*, 172 F. Supp. 3d 756, 774–75 (M.D. Pa. 2016); *Russell v. Nebo Sch. Dist.*, No. 2:16-cv-00273-DS, 2016 WL 4287542, at *3 (D. Utah Aug. 15, 2016); *AB v. Rhinebeck Cent. Sch. Dist.*, 224 F.R.D. 144, 153 (S.D.N.Y. 2004).

> **C.    Plaintiff has adequately pleaded the required elements of a Title IX claim.**

Defendant sets forth the improper standard for alleging a Title IX erroneous outcome claim, and mischaracterizes Plaintiff's claim, in arguing that Plaintiff's claim should be dismissed for failure to allege a similarly-situated comparator. There is no such requirement and Plaintiff has plausibly alleged an erroneous outcome claim.

The Eleventh Circuit, and other Courts in the Circuit, have accepted and applied the erroneous outcome theory as an appropriate examination of plausible Title IX liability. *Doe v. Valencia Coll.,* 903 F.3d 1220, 1236 (11th Cir. 2018) at 1236; *See also Doe v. Samford Univ.*, No. 2:21-cv-00871-ACA, 2021 WL 3617702, at *7 (N.D. Ala. Aug. 15, 2021) (utilized erroneous outcome noting "either [*Yusuf*] theory, with sufficient facts, may suffice to state a plausible [Title IX] claim," (citation omitted)). The erroneous outcome theory is thus an acceptable test for determining whether Plaintiff has stated a claim for sex discrimination under Title IX in the instant matter.

The Second Circuit first outlined the "erroneous outcome" theory in *Yusuf v. Vassar Coll.,* 35 F.3d 709, 715 (2d Cir. 1994):

> Plaintiffs who claim that an erroneous outcome was reached must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding. . . . [T]he pleading burden in this regard is not heavy. . . . A plaintiff must . . . also allege particular circumstances suggesting that gender bias was a

motivating factor behind the erroneous finding. . . . Such allegations might include, *inter alia*, statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender.

Plaintiff submits the above standard has been achieved in the Complaint for this matter.

### i.    Plaintiff Pleads Sufficient Facts to Cast an Articulable Doubt on the Accuracy of the Proceedings.

In accordance with *Yusuf*, Plaintiff has alleged specific flaws in the investigation of his case that imply gender bias, including: (i) Augusta refused to disclose the identities of the complainants to Plaintiff, despite multiple requests; (ii) Defendants failed to give Plaintiff proper notice of the allegations; (iii) Defendants declined to interview Plaintiff's numerous, relevant, witnesses, that would provide exculpatory information; and (iv) Defendants promised Plaintiff a hearing and then failed to provide one. Compl. ¶ 248.

These types of allegations, particularly when combined with allegations of institutional bias, have properly and routinely been held sufficient to withstand a motion to dismiss. *see Doe v. Marymount Univ.*, 297 F. Supp. 3d 573, 579 (E.D. Va. 2018); *Norris v. Univ. of Colorado, Boulder*, 362 F. Supp. 3d 1001, 1012 (D. Colo. 2019); *Rolph v. Hobart & William Smith Colleges*, 271 F. Supp. 3d 386, 401

(W.D.N.Y. 2017); *Doe v. Trs. Univ. Pennsylvania*, 270 F. Supp. 3d 799, 823–24 (E.D. Pa. 2017); *Doe v. Grinnell Coll.*, 473 F. Supp. 3d 909, 924 (S.D. Iowa 2019).

Thus, Plaintiff has adequately pleaded the first prong of a Title IX erroneous outcome claim.

### ii. Plaintiff pleads sufficient facts to allege a causal relationship between gender bias and the erroneous outcome.

Plaintiff meets the second prong of the erroneous outcome test, that is, alleging sufficient facts to make a plausible claim that Defendant's actions were motivated by gender bias. Specifically, he alleges preferential treatment to the female students and witnesses during the investigation and adjudication, skewing of the Investigative Report in the complainants' favor, including irrelevant, prejudicial depictions of Plaintiff in a negative light, reliance on gender stereotypes in the ultimate responsibility determination, pressure on Augusta from the federal government and Augusta's own efforts to aggressively respond to allegations of sexual misconduct against males, and better protect women on campus. Additionally, Plaintiff demonstrates Augusta's bias against males accused of sexual misconduct through tweets created by Defendants Reed, Hutton, and Augusta's Title IX Office. Compl. ¶ 249. Taken together, these claims meet the standard for alleging gender bias to survive a motion to dismiss.

While allegations of pressure on a University to aggressively prosecute males and protect women on campus have been repeatedly found sufficient to make a claim of gender bias "plausible" for purposes of surviving a Rule 12 motion,[2] such pressure is not the sole and exclusive way to successfully allege gender bias. As set forth in *Yusuf*, a plaintiff may also show gender bias by alleging "statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." *Yusuf*, 35 F.3d at 715.

Collectively, these facts as alleged provide a strong ground for proving gender bias on Plaintiff's Title IX claim under the erroneous outcome theory developed under *Yusuf* and its progeny. *See, e.g., Collick v. William Paterson Univ.*, 16-471 (KM) (JBC), 2016 WL 6824374 at *16 (D.N.J. Nov. 17, 2016) ("[I]t is no more than a commonsense inference that the public's and the policymakers' attention to the issue of campus sexual assault may have caused a university to believe it was in the spotlight" and thus discriminate against the male respondent)*, adhered to on denial*

---

[2] *See Doe v. Columbia Univ., 831 F.3d 46, 57 (2d Cir. 2016)* at 57 ("[I]t is entirely plausible that the University's decision-makers and its investigator were motivated to favor the accusing female over the accused male, so as to protect themselves and the University from accusations that they had failed to protect female students from sexual assault."); <u>*Menaker v. Hofstra Univ.*</u>, 935 F.3d 20, 33 (2d Cir. 2019) ("[E]ven minimal evidence of pressure on the university to act based on invidious stereotypes will permit a plausible inference of sex discrimination.").

*of reconsideration,* 2017 WL 1508177 (D.N.J. Apr. 25, 2017)*, aff'd in part, remanded in part,* 699 Fed. Appx. 129 (3d Cir. 2017) *Noakes v. Syracuse Univ.*, 369 F. Supp. 3d 397, 416 (N.D.N.Y. 2019); *Doe v. Rollins Coll.*, 352 F. Supp. 3d 1205, 1210–11 (M.D. Fla. 2019); *Doe v. Amherst Coll.*, 238 F.Supp.3d 195, 223 (D. Mass. 2017); *Doe v. Lynn Univ., Inc.*, 235 F.Supp.3d 1336, 1340–42 (S.D. Fla. 2017). As set forth in the Complaint, the majority of the evidence in the case either did not support, or directly cut against, the complainants' claims, yet the complainants were inexplicably found credible and Plaintiff found responsible.

In sum, the Complaint contains dozens of specific, factual, well-pled allegations showing that Augusta's disciplinary process resulted in an erroneous outcome, and that outcome was influenced by Plaintiff's gender. Defendant's motion to dismiss the Title IX erroneous outcome claim should be denied.

## III.   PLAINTIFF SUFFICIENTLY ALLEGES RETALIATION

Contrary to Defendant's assertions, the Complaint sufficiently alleges retaliation in violation of Title IX of the Education Amendments of 1972. A Plaintiff can establish a prima facie case of retaliation under Title IX by demonstrating that (i) "[he] engaged in a statutorily protected expression"; (ii) "Defendants took action that would have been materially adverse to a reasonable complainant"; and (iii) "a causal link existed between the two events." *Garrett v. Univ. of S. Fla. Bd. of Trs.*,

824 F. App'x 959, 966 (11th Cir. 2020). Plaintiff sufficiently alleges each element of a retaliation claim under Title IX.

"[T]he initial burden of demonstrating a claim of discrimination is not intended to be onerous and the plaintiff need not establish every element of the prima facie case at the pleading stage." *Posada v. ACP Facility Servs., Inc.*, 389 F. Supp. 3d 149, 158 (D. Mass. 2019); *see also Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013) ("Although a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial . . . she need not plead facts sufficient to establish a prima facie case."); *Wexler v. Kennesaw Pediatrics*, P.C., No. 1:16-CV-1491-TCB-JSA, 2017 U.S. Dist. LEXIS 111038, at *39 (N.D. Ga. May 2, 2017) ("Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination.").

With respect to retaliation claims in particular, courts recognize that most retaliation "is not carried out so openly as to provide direct proof of it." *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004). Thus, Plaintiff's burden to establish a causal connection between the protected activity and the adverse action is "a light one, usually demanding only that the protected activity preceded the adverse action in order to satisfy the causation requirement." *Raniola*

*v. Bratton*, 243 F.3d 610, 624 (2d Cir. 2001); *See also Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st Cir. 1996) ("The plaintiff's prima facie burden is not onerous, and we find that she met that burden by demonstrating, among other things, that her termination occurred shortly after her protected conduct, the report of harassment.").

Defendant concedes that Plaintiff has pled the second two elements of a Title IX retaliation claim but disputes that Plaintiff engaged in a statutorily protected activity. However, Plaintiff has adequately alleged that he engaged in protected conduct. "Protected activity" includes both reporting and opposing discrimination prohibited by the statute. *See Jackson v. Birmingham Bd. of Educ.,* 544 U.S. at 180 ("retaliation claims extend to those who oppose discrimination against others."); *Whitaker v. Bd. of Regents of the Univ. Sys. of Ga.*, No. CV 118-141, 2020 U.S. Dist. LEXIS 153263, at *8-9 (S.D. Ga. Aug. 24, 2020) ("An individual engages in protected expression when [he] opposes practices made unlawful by the relevant statute"). Contrary to Defendant's assertions, a plaintiff alleging retaliation "need not prove the underlying claim of discrimination which led to [his] protest, so long as [he] had a reasonable good faith belief that the discrimination existed." *Harris v. Corr. Corp. of Am.*, 139 F. App'x 156, 159 (11th Cir. 2005) (internal citations omitted).

16

Many courts have interpreted Title IX retaliation claims broadly. As one court explained:

> Title IX prohibits retaliation against those who complain of violations of the act. Such complaints need not be formal complaints to an enforcement agency, but also include internal acts of opposition to discrimination, including merely voicing concerns to superiors within the university.

*LeGoff v. Trs. of Bos. Univ.*, 23 F. Supp. 2d 120, 128 (D. Mass. 1998); *See also Wyatt v. City of Boston*, 35 F.3d 13, 15 (1st Cir. 1994); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 244 n.1, 250 (5th Cir. 1997); *Nelson v. Univ. of Me. Sys.,* 923 F. Supp. 275, 284 (D. Me. 1996) at 284. Additionally,

> With regard to sexual harassment investigations, 'no recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual . . . because he has . . . testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part.' … A broad reading of the above regulation protects the subject of a sexual harassment claim. Anything less would place too great a weight on false accusations by stripping the subject of the investigation of all protections from the very institution that is supposed to be an impartial tribunal.

*Wilkerson v. Univ. of N. Tex.*, 223 F. Supp. 3d 592, 602-03 (E.D. Tex. 2016) (citations omitted).

Plaintiff here, as the subject of a sexual harassment claim, engaged in a protected activity when he opposed the charges and defended himself against the investigation. Additionally, Plaintiff alleges that he appealed the finding of responsibility under Augusta's Title IX Policy and procedures. Accordingly, the

Defendant was on notice of Plaintiff's opposition to discrimination. After Plaintiff had already been sanctioned to a one-semester suspension, while Plaintiff was still in the appeal process *and* before Legal Affairs rendered a decision on Plaintiff's appeal, Plaintiff was notified of that he was reassigned to remedial tasks and that his position was not renewed following the Spring 2021 semester. Thus, Plaintiff was effectively punished with additional, after-the-fact sanctions for his participation in the investigation and adjudication process before a final decision was even rendered on his appeal.

Plaintiff has therefore adequate alleged a Title IX retaliation claim, and Defendant's Motion should be denied.

## IV.   PLAINTIFF PLAUSIBLY ALLEGES AN EQUAL PROTECTION CLAIM

### A.   The Eleventh Amendment does not bar suit against Defendants Thorp, Hutton, Keel, and Reed in their official capacities

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[S]tate officials sued for injunctive relief in their official capacities are 'persons' subject to liability under § 1983." *Hafer v. Melo*, 502 U.S.

21, 24, 112 S. Ct. 358, 361 (1991); *see also Lassiter v. Ala. A & M Univ.,* 3 F.3d 1482, 1485 (11th Cir. 1993).

"Although federal-court claims for retroactive relief against a state, an arm of the state, or a state official acting in her or his official capacity are barred by the Eleventh Amendment, 'a federal court may enjoin a 'state official' from violating federal law' prospectively." *Qiu v. Univ. of Cincinnati*, 803 F. App'x 831, 838 (6th Cir. 2020); *See also, Doe v. Cummins*, 662 F. App'x at 444; *Sandoval v. Hagan*, 197 F.3d 484, 492 (11th Cir.1999) ("[I]ndividual suits that seek prospective relief for ongoing violations of federal law … may be levied against state officials."). And, a suit for declaratory relief against state officials acting in their official capacities is also permitted in limited circumstances. *Doe v. Cummins*, 662 F. App'x at 444.

Here, Plaintiff set forth in his Complaint that he is suing Defendants Thorp, Hutton, Keel, and Reed in not only their official capacities but also in their individual capacities, and Plaintiff clearly set forth in his prayer for relief not only his request for money damages but also his request for multiple forms of equitable relief. Therefore, the Court should not dismiss the claims against Defendants Thorp, Hutton, Keel, and Reed in their official capacities and that branch of Defendants' Motion to Dismiss should be denied.

**B.     Plaintiff has sufficiently pled a violation of the Equal Protection Clause against Defendants Thorp, Hutton, Keel, and Reed**

    **i.     Plaintiff sufficiently alleged the individual Defendants' personal involvement in the deprivation of Plaintiff's Constitutional rights**

A plaintiff alleging a Section 1983 claim "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A plaintiff may sustain this burden by showing that an individual defendant "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago v. Warmister Tp.*, 629 F.3d 121, 129 (3d Cir. 2010); *See also Keith v. Dekalb Cty.*, 749 F.3d 1034, 1047 (11th Cir. 2014).

Plaintiff has alleged that, at all relevant times, among other things, (i) Defendant Thorp was the Chair of Augusta's Art Department, and was a key member in initiating Plaintiff's termination for cause during the Title IX investigation; (ii) Defendant Hutton was the Title IX investigator and was responsible for the one-sided Title IX report that was produced; (iii) Defendant Keel was Augusta's President, and was responsible for the determination of Plaintiff's responsibility on appeal; and (iv) Defendant Reed was Augusta's Title IX Coordinator, displayed anti-male bias prior to and throughout the investigation, and played a key role in depriving Plaintiff of a promised opportunity to be heard. Plaintiff has further

alleged how each of the individual defendants were directly involved in the Title IX proceedings and adjudication in the Complaint.[3]

"Drawing on [the Court's] judicial experience and common sense", as the court must on a motion to dismiss[4], all of the individual defendants directly participated in the unconstitutional conduct towards Plaintiff, and were integrally involved in the decision-making process so as to make out a plausible claim against them. *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 569 (6th Cir. 2011) ("Although the Amended Complaint is devoid of specific allegations of [the defendants'] personal bias against Heyne, their alleged integral involvement in the decision-making process is sufficient at this stage to make out a colorable claim against them.").

## C.    Plaintiff's Equal Protection Claim

The Equal Protection Clause prohibits government actors from treating similarly situated individuals differently. *See Bivins v. Stein*, 759 F. App'x 777, 783

---

[3] As Plaintiff's Complaint has sufficiently and specifically set forth the involvement of each individual Defendant in the Title IX process, Plaintiff's complaint is not a "shotgun pleading" as Defendant Reed claims. *Cf. Williams, Scott & Assocs. v. Yates*, Civil Action No. 1:19-cv-04253-SDG, 2020 U.S. Dist. LEXIS 114483, at *9 (N.D. Ga. June 30, 2020) ("[t]he Amended Complaint is a shotgun pleading because it vaguely asserts multiple claims against multiple defendants *without specifying which defendant is responsible for what act or omission*—and includes purported claims against individuals who are not properly named as defendants.") (emphasis added).

[4] *See Iqbal*, at 679.

(11th Cir. 2018); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Courts analyze gender-based Section 1983 equal protection claims under the same framework as Title VII gender discrimination claims. *See Cheatham v. DeKalb Cty.*, No. 1:14-CV-01887-WSD-JFK, 2015 U.S. Dist. LEXIS 176004, at *20 (N.D. Ga. Dec. 10, 2015). Thus, "[t]o establish a prima facie case of disparate treatment, a plaintiff must show: (1) [he] is a member of a protected class; (2) [he] was subjected to adverse employment action; (3) [his] employer treated similarly situated [female] employees more favorably; and (4) [he] was qualified to do the job." *Miller-Goodwin v. City of Panama City Beach, Florida*, 385 Fed. Appx. 966, 969 (11th Cir. 2010).

Moreover, "to survive a motion to dismiss a § 1983 claim based on the Equal Protection Clause, a complaint must provide the necessary comparators in order to furnish discriminatory intent in the absence of direct evidence of discriminatory animosity toward a protected class." *Cushmeer-Muhammad v. Fulton Cty.*, No. 1:08-CV-3256-GET-JFK, 2009 U.S. Dist. LEXIS 136418, at *42-43 (N.D. Ga. July 7, 2009). "While an exact correlation is unnecessary, the offenses and punishments must be 'fair congeners' so that apples are compared to apples." *Bethel v. Porterfield*, 293 F. Supp. 2d 1307, 1321 (S.D. Ga. 2003).

Here, Plaintiff has alleged multiple instances where Defendants intentionally treated Plaintiff as a perpetrator from the outset due to his gender. First, Defendants Reed and Hutton publicly voiced their anti-male bias in cases of sexual misconduct on their Twitter pages. Compl. ¶ 67-80. For example, Reed supports and hosts a weekly social interest group call that focuses on "how women are treated in public" and "why don't we believe women?" Compl. ¶ 74. Additionally, Augusta's Title IX Office has displayed the University's institutionalized anti-male bias on its Twitter page via a "call to men" that stated "let's foster an environment where women feel comfortable coming forward. Listen to women. Believe them." Compl. ¶ 81.

Plaintiff has further alleged in his complaint that, on information and belief, when he was suspended from the University, the majority, if not all, of his classes were given to female instructors. Compl. ¶ 192. Plaintiff has alleged that, due to federal and local pressure, "Defendants applied the Policies in a manner that resulted in harsher penalties for males accused of sexual misconduct as compared to females" and that "Augusta has not published… the gender of respondents who were sanctioned as a result thereof. This is information that Plaintiff intends to seek in discovery." Compl. ¶ 222, n.13. As discovery has not yet begun, Plaintiff has no possible way of pleading a specific comparator due to the fact that gender of respondents in sexual misconduct cases at Augusta are not publicly published.

Plaintiff has sufficiently alleged that comparators exist, and should be permitted to conduct discovery before he is required to allege a specific comparator. *See e.g. Mitchell v. City of Lafayette,* No. 4:10-CV-00118-HLM-WEJ, 2011 U.S. Dist. LEXIS 160542, at *12 (N.D. Ga. Feb. 11, 2011); *see also Jenkins v. N.Y.C. Transit Auth.,* 646 F. Supp. 2d 464, 469 (S.D.N.Y. 2009) ("It would be inappropriate to require [] plaintiff[s] to produce statistics to support [their] disparate impact claim before the plaintiff[s] ha[ve] had the benefit of discovery.").

### D.    The individual defendants are not entitled to qualified immunity

Applying the well-established rule of *Ex Parte Young*, 209 U.S. 123 (1908)—that the Eleventh Amendment permits suits against state officers for prospective injunctive relief—the Eleventh Amendment is no bar to a professor's claim against state university officials for the vacating of disciplinary records after being found guilty of sexual misconduct through proceedings that violated the plaintiff's rights. *See Doe v. Cummins*, 662 F. Appx. 437, 444 (6th Cir. 2016) ("Because Doe I and Doe II are seeking prospective equitable relief, their claims are not barred by the Eleventh Amendment. . . . If successful, . . . the individual defendants would merely be compelled to remove the negative notation from appellants' disciplinary records that resulted from the allegedly unconstitutional disciplinary process."); *see also Doe v. Purdue Univ.,* 928 F.3d 652, 666-67 (7th Cir. 2019); *Flint v. Dennison*, 488

F.3d 816, 825 (9th Cir. 2007); *Shepard v. Irving*, 77 F. App'x 615, 620 (4th Cir.

2003); *Doe. v. Univ. of Colorado*, 255 F. Supp. 3d 1064, 1081-82 (D. Colo. 2017).

Thus, Plaintiff has adequately pleaded his Equal Protection claim, and

Defendants' Motions should be denied.

## **CONCLUSION**

Based on the foregoing, Defendants' Motions to Dismiss Plaintiff's

Complaint should be denied, and Plaintiff should be granted such further relief as

the Court deems just and proper.

**Dated: New York, New York**
      **December 20, 2021**

**Respectfully submitted,**

**Nesenoff & Miltenberg, LLP**

By: /s/ Andrew T. Miltenberg, Esq.
      Andrew Miltenberg, Esq.
      Stuart Bernstein, Esq.
      Kristen Mohr, Esq.
      363 Seventh Avenue, 5th Floor
      New York, New York 10001
      Tel: 212-736-4500
      Fax: 212-736-2260
      amiltenberg@nmllplaw.com
      sbernstein@nmllplaw.com
      kmohr@nmllplaw.com

**Parks, Chesin, & Walbert, P.C.**

By: /s/ Andrew Y. Coffman, Esq.
Andrew Y. Coffman, Esq.
75 14th Street, 26th Floor
Atlanta, GA 30307
Tel: 404-873-8000
Fax: 404-873-8050
acoffman@pcwlawfirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This 20th day of December, 2021.

/s/ Andrew T. Miltenberg, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

---

**THOMAS CROWTHER,**

       **Plaintiff,**

   **v.**                     **Case No.** 1:21-cv-04000-MHC

**BOARD OF REGENTS OF THE**
**UNIVERSITY SYSTEM OF GEORGIA,**
**MICHELE REED, SCOTT THORP,**
**BENJAMIN HUTTON, and BROOKS**
**KEEL,**

       **Defendants.**

---

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for the opposing parties with a copy of **PLAINTIFF THOMAS CROWTHER'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**, by filing same with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**Dated: New York, New York**
         **December 20, 2021**

                           **Respectfully submitted,**
                           **Nesenoff & Miltenberg, LLP**

                           By: <u>/s/ Andrew T. Miltenberg, Esq.</u>
                              Andrew Miltenberg, Esq.

Stuart Bernstein, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, 5th Floor
New York, New York 10001
Tel: 212-736-4500
Fax: 212-736-2260
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
kmohr@nmllplaw.com