## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**THOMAS CROWTHER,**

    **Plaintiff,**

**v.**

**BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF
GEORGIA,**

    **Defendant.**

**Civil Action File No:
1:21-CV-04000-VMC**

## BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA'S ANSWER AND DEFENSES TO COMPLAINT

COMES NOW The Board of Regents of the University System of Georgia[1] ("BOR"), by and through counsel of record, the Attorney General of the State of Georgia, and files this Answer and Defenses to Plaintiff's Complaint (Doc. 1), and shows the Court as follows:

---

[1] Individual Defendants Michele Reed, Scott Thorp, Benjamin Hutton, and Brooks Keel have been dismissed from this case. (Doc. 44)

1

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's Complaint is or may be subject to dismissal, in whole or in part, for lack of personal or subject matter jurisdiction.

### THIRD DEFENSE

All actions taken by BOR with respect to Plaintiff's employment were for legitimate, non-discriminatory, non-retaliatory reasons.

### FOURTH DEFENSE

Plaintiff's claims for damages are barred to the extent that he failed to mitigate his damages, the entitlement of which is expressly denied.

### FIFTH DEFENSE

Some or all of Plaintiff's claims may be moot.

### SIXTH DEFENSE

The individually named Defendants may not be held liable in their individual capacities for any action or omission in which they did not directly participate or of which they had no knowledge.

## SEVENTH DEFENSE

The individually named Defendants, in their individual capacities, are entitled to qualified immunity because they did not violate any constitutional rights of which a reasonable official would have known.

## EIGHTH DEFENSE

BOR and the individually named Defendants, in their official capacities, are not proper "persons" subject to suit under 42 U.S.C. § 1983.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent he has not pleaded facts with sufficient specificity to support claims of alleged violations of his civil rights.

## TENTH DEFENSE

BOR is not liable to Plaintiff because BOR has not discriminated against Plaintiff the basis of sex or gender or any other unlawful factor, or retaliated against Plaintiff, or engaged in any otherwise illegal employment practice.

## ELEVENTH DEFENSE

BOR denies any allegation not expressly admitted herein.

BOR reserves the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this action.

Without waiving any of the foregoing defenses, BOR responds to the specific numbered paragraphs of Plaintiff's Complaint as follows:

## THE NATURE OF THE ACTION

1. BOR denies Paragraph 1 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

2. BOR admits that Plaintiff was an art professor at Augusta University ("Augusta"). BOR denies the remaining sentences of Paragraph 2 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

3. BOR admits that Plaintiff was notified of the investigation, that he met with Michele Reed, and that the identities of students were not disclosed. BOR denies the remaining sentences of Paragraph 3.

4. BOR denies Paragraph 4 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

5. BOR admits that the identities of students were not revealed to Plaintiff but denies Paragraph 5 as stated because the identities of the reporting faculty

were disclosed to him. BOR admits that Plaintiff did not have a hearing but denies that Plaintiff was entitled to a hearing.

6.   BOR denies the first sentence of Paragraph 6 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion. BOR admits that Plaintiff did not have a hearing but denies that Plaintiff was entitled to a hearing.

7.   BOR denies the allegations of Paragraph 7 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

8.   BOR denies Paragraph 8 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

9.   BOR denies Paragraph 9 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

10.  BOR denies Paragraph 10 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

11.  Paragraph 11 is a statement of the remedies sought by Plaintiff in this action.

## THE PARTIES

12. Paragraph 12 is a statement identifying Plaintiff as a party to this case and as a natural person and resident of the State of Georgia, which BOR admits upon information and belief.

13. Paragraph 13 is a statement identifying the Board of Regents of the University System of Georgia as a party to this case. BOR admits that it is a party to this case, that it currently has 19 members, and that it maintains an office in Atlanta, Georgia. BOR denies that it has violated any law and denies that Plaintiff is entitled to any damages or relief of any kind.

14. BOR admits that Michele Reed is a natural person and was Augusta's Title IX Coordinator. BOR shows that Reed was dismissed as a party to this case in the Court's Order of March 15, 2023. (Doc. 44)

15. BOR admits that Scott Thorp is a natural person and was the Chair of Augusta's Department of Art and Design. BOR shows that Thorp was dismissed as a party to this case in the Court's Order of March 15, 2023. (Doc. 44)

16.  BOR admits that Benjamin Hutton is a natural person and was an Augusta Title IX Investigator. BOR shows that Hutton was dismissed as a party to this case in the Court's Order of March 15, 2023. (Doc. 44)

17.  BOR admits that Brooks Keel is a natural person and was Augusta's President. BOR shows that Keel was dismissed as a party to this case in the Court's Order of March 15, 2023. (Doc. 44)

## JURISDICTION AND VENUE

18.  BOR admits that this Court has federal question jurisdiction over the issues in this case.

19.  BOR admits that this Court has personal jurisdiction over BOR.

20.  BOR shows that Reed was dismissed as a party to this case in the Court's Order of March 15, 2023. (Doc. 44)

21.  BOR shows that Thorp was dismissed as a party to this case in the Court's Order of March 15, 2023. (Doc. 44)

22.  BOR shows that Hutton was dismissed as a party to this case in the Court's Order of March 15, 2023. (Doc. 44)

23.  BOR shows that Keel was dismissed as a party to this case in the Court's Order of March 15, 2023. (Doc. 44)

24.    BOR admits that venue is appropriate in this Court.

FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

BACKGROUND

25.    BOR acknowledges the existence of the Department of Education's Office for Civil Rights' April 4, 2011 "Dear Colleague Letter." BOR further shows that the language of the letter speaks for itself. BOR further responds that the Department has formally rescinded the letter.

26.    BOR shows that the language of the letter speaks for itself.

27.    BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint. Therefore, the allegations are denied.

28.    BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint. Therefore, the allegations are denied. BOR further shows that the language of the letter speaks for itself.

29.    BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of the Complaint. Therefore, the allegations are denied. BOR further shows that the language of the letter speaks for itself.

30.    BOR is without sufficient knowledge to admit or deny the allegations

contained in Paragraph 30 of the Complaint. Therefore, the allegations are

denied. BOR further shows that the language of the letter speaks for itself.

31.    BOR shows that the language of the letter speaks for itself.

32.    BOR is without sufficient knowledge to admit or deny the allegations

contained in Paragraph 32 of the Complaint. Therefore, the allegations are

denied.

33.    BOR is without sufficient knowledge to admit or deny the allegations

contained in Paragraph 33 of the Complaint. Therefore, the allegations are

denied.

34.    BOR is without sufficient knowledge to admit or deny the allegations

contained in Paragraph 34 of the Complaint. Therefore, the allegations are

denied.

35.    BOR acknowledges the existence of the Department of Education's Office

for Civil Rights' April 24, 2014 "Questions and Answers on Title IX and

Sexual Violence." BOR further shows that the language of the Q&A speaks

for itself. BOR further responds that the Department has formally rescinded

the Q&A.

36.   BOR shows that the language of the Q&A speaks for itself.

37.   BOR shows that the language of the Q&A speaks for itself.

38.   BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 38 of the Complaint. Therefore, the allegations are denied.

39.   BOR acknowledges the existence of the "Not Alone" report. BOR further shows that the language of the report speaks for itself.

40.   BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 40 of the Complaint. Therefore, the allegations are denied.

41.   BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of the Complaint. Therefore, the allegations are denied.

42.   BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of the Complaint. Therefore, the allegations are denied.

43. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 43 of the Complaint. Therefore, the allegations are denied.

44. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 44 of the Complaint. Therefore, the allegations are denied.

45. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 45 of the Complaint. Therefore, the allegations are denied. BOR further shows that the language of the study speaks for itself.

46. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 46 of the Complaint. Therefore, the allegations are denied.

47. BOR shows that the language of Secretary DeVos' speech speaks for itself.

48. BOR shows that the language of Secretary DeVos' speech speaks for itself.

49. BOR shows that the language of Secretary DeVos' speech speaks for itself.

50. BOR shows that the language of Secretary DeVos' speech speaks for itself.

51. BOR acknowledges the existence of the Department of Education's Office for Civil Rights' September 22, 2017 "Dear Colleague Letter" and

September 2017 "Q&A on Campus Sexual Misconduct." BOR further shows that the language of the Letter and the Q&A speaks for itself. BOR further responds that the Department has formally rescinded the Letter and the Q&A.

52. BOR shows that the language of the Letter speaks for itself.

53. BOR states that Paragraph 53 does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

54. BOR shows that the language of the Q&A speaks for itself.

55. BOR shows that the language of the Q&A speaks for itself.

56. BOR shows that the language of the Q&A speaks for itself.

57. BOR shows that the language of the Q&A speaks for itself.

58. BOR shows that the language of the Q&A speaks for itself.

59. BOR denies Paragraph 59 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

60. BOR acknowledges the existence of the November 16, 2018 proposed regulations. BOR further shows that the language of the proposed regulations speaks for itself.

61. BOR denies Paragraph 61 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

62. BOR acknowledges the existence of the NASPA report. BOR further states that the language of the report speaks for itself.

63. BOR states that Paragraph 63 does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion. To the extent a response is required, BOR denies Paragraph 63. BOR further states that the language of the report speaks for itself.

64. BOR denies Paragraph 64. BOR further states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

65. BOR acknowledges the existence of the news article cited in Paragraph 65 and further states that the language of the article speaks for itself. BOR further states that SafeHomes is not owned, operated, affiliated, or directed by BOR or Augusta.

66. BOR acknowledges the existence of the SafeHomes Survivors' Walk and the "Why Do They Stay?" workshop. BOR further states that SafeHomes is not owned, operated, affiliated, or directed by BOR or Augusta.

67. BOR denies Paragraph 67 as stated. BOR is without sufficient knowledge to admit or deny the allegation contained in footnote 3, therefore, the allegations are denied.

68. BOR states that Paragraph 68 does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion. To the extent a response is required, BOR denies Paragraph 68.

69. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 69. Therefore, the allegations are denied.

70. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 70. Therefore, the allegations are denied.

71. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 71. Therefore, the allegations are denied.

72. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 72. Therefore, the allegations are denied.

73. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 73. Therefore, the allegations are denied.

74. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 74. Therefore, the allegations are denied.

75. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 75. Therefore, the allegations are denied.

76. BOR denies Paragraph 76. BOR further states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

77. BOR denies Paragraph 67. BOR is without sufficient knowledge to admit or deny the allegation contained in footnote 5, therefore, the allegations are denied.

78. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 78. Therefore, the allegations are denied.

79. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 79. Therefore, the allegations are denied.

80. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 80. Therefore, the allegations are denied.

81. BOR denies the first sentence of Paragraph 81. BOR admits that the Twitter account "retweeted" another account's post stating the language cited in the second sentence of Paragraph 81. BOR further states that the language of the "tweet" speaks for itself.

82. BOR admits that the Twitter account posted a link to an online post stating the language cited in Paragraph 82. BOR further states that the language of the "tweet" speaks for itself. BOR denies the remaining allegations of Paragraph 82.

83. BOR denies the allegations of Paragraph 83.

## CHRONOLOGY OF EVENTS

84. Paragraph 84 is a statement of Plaintiff's personal history. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 84 of the Complaint. To the extent a response is required, the allegations are denied.

85. Paragraph 85 is a statement of Plaintiff's personal history. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 84 of the Complaint. To the extent a response is required, the allegations are denied.

86. BOR admits that Plaintiff taught a variety of art courses at Augusta.

87. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 87 of the Complaint. To the extent a response is required, the allegations are denied.

88. BOR admits that Plaintiff was a Senior Lecturer at Augusta. BOR denies the remainder of Paragraph 88 as stated.

89. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 89 of the Complaint. To the extent a response is required, the allegations are denied.

90. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 90 of the Complaint. To the extent a response is required, the allegations are denied.

91. BOR admits that a student in Plaintiff's class, identified as "EA" in Paragraph 91, stated that she was struggling with depicting the model's foot and asked Plaintiff for help.

92. Upon information and belief, BOR admits the allegations of Paragraph 92.

93. Upon information and belief, BOR admits the allegations of Paragraph 93.

94. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 94 of the Complaint. To the extent a response is required, the allegations are denied.

95. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 95 of the Complaint. To the extent a response is required, the allegations are denied.

96. BOR admits the allegations of Paragraph 96 and further states for clarity that the confidential tip was sent to the Richmond County Sheriff's Office, which office in turn forwarded the tip to the Augusta Police.

97. Upon information and belief, BOR admits the allegations of Paragraph 97.

98. BOR admits the allegations of the first sentence of Paragraph 98. As to the second sentence of Paragraph 98, BOR admits that two professors reported complaints about Plaintiff to the Title IX Coordinator. BOR denies the second sentence of Paragraph 98 to the extent it expresses Plaintiff's opinion. BOR is without sufficient knowledge to admit or deny the allegations in the third sentence of Paragraph 98; to the extent a response is required, the allegations are denied.

99. BOR admits that Plaintiff was notified by Michele Reed of the complaints against him. BOR further states that the language of the notification speaks for itself.

100. BOR admits Plaintiff met with Michele Reed on or about March 3, 2020, and that Reed informed Plaintiff of the complaints against him.

101. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 101 of the Complaint. To the extent a response is required, the allegations are denied.

102. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 102 of the Complaint. To the extent a response is required, the allegations are denied.

103. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 103 of the Complaint. To the extent a response is required, the allegations are denied.

104. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 104 of the Complaint. To the extent a response is required, the allegations are denied.

105. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 105 of the Complaint. To the extent a response is required, the allegations are denied.

106. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 106 of the Complaint. To the extent a response is required, the allegations are denied.

107. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 107 of the Complaint. To the extent a response is required, the allegations are denied.

108. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 108 of the Complaint. To the extent a response is required, the allegations are denied.

109. BOR admits that an individual identified as "KH" in Paragraph 109 was listed as a witness by Plaintiff, and that "KH" was not interviewed by the Title IX investigators. BOR further states that "KH" submitted a written statement to the Title IX investigators.

110. BOR admits that Michele Reed's "intake notes" were provided to Plaintiff. BOR further admits that Renee Wray and Debra Arnold were identified as investigators for the complaints against Plaintiff.

111. Upon information and belief, BOR admits the allegations of Paragraph 111.

112. Upon information and belief, BOR admits the allegations of Paragraph 112.

113. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 113 of the Complaint. To the extent a response is required, the allegations are denied.

114. Upon information and belief, BOR admits the allegations of Paragraph 114.

115. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 115 of the Complaint. To the extent a response is required, the allegations are denied.

116. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 116 of the Complaint. To the extent a response is required, the allegations are denied.

117. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 117 of the Complaint. To the extent a response is required, the allegations are denied.

118. BOR admits that an individual identified as "ML" in Paragraph 118 was listed as a witness by Plaintiff, and that "ML" was not interviewed by the Title IX investigators. BOR further states that "ML" submitted a written statement to Plaintiff and that Plaintiff provided the statement to the Title IX investigators.

119. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 119 of the Complaint. To the extent a response is required, the allegations are denied.

120. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 120 of the Complaint. To the extent a response is required, the allegations are denied.

121. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 121 of the Complaint. To the extent a response is required, the allegations are denied.

122. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 122 of the Complaint. To the extent a response is required, the allegations are denied.

123. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 123 of the Complaint. To the extent a response is required, the allegations are denied.

124. BOR admits that Arnold and Wray did not serve as investigators on Plaintiff's matter and that two other investigators were appointed.

125. BOR admits that Justin Jerome and Benjamin Hutton were appointed as Title IX investigators on Plaintiff's matter. BOR is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 125 of the Complaint. To the extent a response is required, the allegations are denied.

126. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 126 of the Complaint. To the extent a response is required, the allegations are denied.

127. As to the first sentence of Paragraph 127, BOR admits that the identities of students were not revealed to Plaintiff but denies Paragraph 127 as stated because the identities of the reporting faculty were disclosed to him. BOR denies the allegations of the second sentence of Paragraph 127.

128. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 128 of the Complaint. To the extent a response is required, the allegations are denied.

129. BOR admits the allegations of Paragraph 129.

130. BOR admits the allegations of the first and second sentences of Paragraph 130. The third sentence of Paragraph 130 states argument and Plaintiff's view and/or opinion to which no response is required.

131. BOR admits the allegations of Paragraph 131.

132. BOR denies Paragraph 132 to the extent it attributes the recollection of "Student B" to Plaintiff's classes. BOR further states that "Student B" described the typical procedure for nude modeling in other art classes.

133. BOR admits the allegations of the first and second sentences of Paragraph 133 with the exception of Plaintiff's allegation that "Student C" gave false statements. BOR admits that "Students M, L, and J" did not respond to emailed requests for interviews by the Title IX investigators.

134. BOR admits the allegations of the first sentence of Paragraph 134. BOR denies the allegations of the second sentence of Paragraph 134.

135. BOR denies the allegations of Paragraph 135.

136. Upon information and belief, BOR admits the allegations of Paragraph 136.

137. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 137 of the Complaint. To the extent a response is required, the allegations are denied.

138. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 138 of the Complaint. To the extent a response is required, the allegations are denied.

139. Upon information and belief, BOR admits the allegations of Paragraph 139.

140. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 140 of the Complaint. To the extent a response is required, the allegations are denied.

141. BOR admits the allegations of Paragraph 141.

142. BOR denies the allegations of Paragraph 142 as stated. BOR further states that "Student E" reported concerns about disability accommodations and was told such were outside the scope of the Title IX investigation.

143. BOR admits the allegations of Paragraph 143.

144. BOR admits the allegations of Paragraph 144.

145. BOR denies Paragraph 145 and further states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

146. BOR admits the allegations of Paragraph 146.

147. BOR admits that Plaintiff's file contained an "aide to memory" regarding Plaintiff's conduct on another occasion. BOR further admits the Art Department had a Life Model Policy. BOR denies the remainder of

Paragraph 147 and footnote 8 and states that said remainder does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

148. BOR denies the allegations of Paragraph 148 as stated.

149. BOR admits the allegations of Paragraph 149.

150. BOR admits that the identities of students were not revealed to Plaintiff. BOR is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 150 of the Complaint. Therefore, the allegations are denied.

151. Upon information and belief, BOR admits the allegations of the first, second, and third sentences of Paragraph 151. BOR denies the allegations of the fourth sentence of Paragraph 151.

152. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 152 of the Complaint. Therefore, the allegations are denied.

153. Upon information and belief, BOR admits the allegations of Paragraph 153.

154. BOR admits the allegations of Paragraph 154.

155. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 155 of the Complaint. Therefore, the allegations are denied.

156. BOR admits that Plaintiff provided the Title IX investigators written statements from individuals that he claimed were witnesses.

157. BOR admits the allegations of Paragraph 157.

158. BOR admits the allegations of Paragraph 158.

159. BOR admits the allegations of Paragraph 159.

160. BOR admits the allegations of the first sentence of Paragraph 160. BOR denies the allegations of the second sentence of Paragraph 160 as stated.

161. BOR admits the allegations of Paragraph 161.

162. BOR admits that Plaintiff provided the names of additional persons and provided statements, and BOR admits that the Title IX investigators did not interview every person he identified.

163. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 163 of the Complaint. Therefore, the allegations are denied.

164. BOR admits the allegations of Paragraph 164.

165. BOR denies the allegations of Paragraph 165 as stated and further states that Plaintiff was given an opportunity to respond to the report.

166. BOR admits the allegations of Paragraph 166. BOR states further that the suspension was considered the minimum appropriate sanction.

167. Upon information and belief, BOR admits the allegations of Paragraph 167.

168. Upon information and belief, BOR admits the allegations of Paragraph 168.

169. Upon information and belief, BOR admits the allegations of Paragraph 169.

170. BOR admits the allegations of Paragraph 170.

171. BOR admits that Justin Jerome resigned from Augusta and was no longer assigned to Plaintiff's investigation.

172. Upon information and belief, BOR admits the allegations of Paragraph 172.

173. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 173 of the Complaint. Therefore, the allegations are denied.

174. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 174 of the Complaint. Therefore, the allegations are denied.

175. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 175 of the Complaint. Therefore, the allegations are denied.

176. BOR admits the allegations of Paragraph 176.

177. BOR admits that persons identified by Plaintiff were not interviewed but denies that said persons were "witnesses."

178. BOR admits that the Title IX investigators determined that Plaintiff's conduct supported a charge of sexual misconduct but did not support a charge of sexual exploitation. BOR further admits that the recommended minimum sanction was a one-semester suspension.

179. BOR denies the allegations of Paragraph 179 as stated.

180. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 180 of the Complaint. Therefore, the allegations are denied. BOR further states that "EA" provided a written statement to Plaintiff, who provided the statement to the Title IX investigators, and said statement was included with and cited in the final report.

181. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 181 of the Complaint. Therefore, the allegations are denied.

182. BOR denies the allegations of Paragraph 182.

183. BOR denies the allegations of Paragraph 183 as stated. BOR further states that the statement of "EA" addressed only the encounter with the nude model.

184. BOR denies the allegations of Paragraph 184.

185. BOR admits the allegation in the report regarding Plaintiff's contacts with female students, and admits that Plaintiff provided a list of persons and that Title IX investigators did not interview all of the persons.

186. BOR admits the date of the second final report. BOR denies that the report listed no complainants, as Attachment B to the report identified Scott Thorp, Professor Onofrio, and Professor Pacheco as the complainants.

187. Upon information and belief, BOR admits the allegations of Paragraph 187.

188. Upon information and belief, BOR admits the allegations of the first and second sentences of Paragraph 188. The third sentence of Paragraph 188 and footnote 10 are Plaintiff's argument, legal conclusions, and view/opinion to

which no response is required; to the extent a response is required, the allegations are denied.

189. Upon information and belief, BOR admits the allegations of Paragraph 189.

190. BOR denies Paragraph 190 and states that said paragraph does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion.

191. BOR admits the allegations of Paragraph 191.

192. BOR denies Paragraph 192 as stated but admits that some of Plaintiff's courses were taught by female instructors.

193. BOR admits that the Office of Legal Affairs did not provide documents revealing the identities of students. BOR further states that the language of the Legal Affairs email speaks for itself.

194. BOR denies the allegations of Paragraph 194.

195. Upon information and belief, BOR admits the allegations of Paragraph 195.

196. BOR admits that Plaintiff's application for relief was denied. BOR denies the remainder of Paragraph 196 as stated.

197. Upon information and belief, BOR admits the allegations of Paragraph 197.

198. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 198 of the Complaint. Therefore, the allegations are denied.

199. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 199 of the Complaint. Therefore, the allegations are denied.

200. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 200 of the Complaint. Therefore, the allegations are denied.

201. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 201 of the Complaint. Therefore, the allegations are denied.

202. BOR admits the allegations of the first sentence of Paragraph 202. BOR denies that Plaintiff was terminated while his appeal was pending.

203. BOR admits to the reassignment of Plaintiff's duties but denies Plaintiff's use of the term "remedial busy work."

204. BOR denies Paragraph 204 and states that said paragraph does not contain facts but argument and Plaintiff's view and/or opinion.

205. Upon information and belief, BOR admits the allegations of Paragraph 205.

206. BOR admits the date of the memorandum. BOR is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 206 of the Complaint; therefore, the allegations are denied.

207. BOR admits the memorandum cited five incidents and states that the language of the memorandum speaks for itself. BOR denies the remaining allegations of Paragraph 207.

208. BOR denies the first and last sentences of Paragraph 208. BOR states that the language of the memorandum speaks for itself.

209. BOR admits the allegations of Paragraph 209.

210. BOR admits that Kelehear denied Plaintiff's appeal and stated that he found no procedural errors. The remaining allegations of Paragraph 210 are denied.

211. BOR admits that he appealed to Brooks Keel and that Keel denied the appeal in a letter dated November 23, 2020. BOR denies the remaining allegations of Paragraph 211 and states that same reflects Plaintiff's argument, legal conclusion, and view/opinion.

212. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 212 of the Complaint. Therefore, the allegations are denied.

213. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 213 of the Complaint. Therefore, the allegations are denied.

214. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 214 of the Complaint. Therefore, the allegations are denied.

215. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 215 of the Complaint. Therefore, the allegations are denied.

216. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 216 of the Complaint. Therefore, the allegations are denied.

217. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 217 of the Complaint. Therefore, the allegations are denied.

218. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 218 of the Complaint. Therefore, the allegations are denied.

219. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 219 of the Complaint. Therefore, the allegations are denied.

220. BOR states that Paragraph 220 does not contain facts but argument and legal conclusions to which no response is required. To the extent a response is required, BOR denies.

221. BOR is without sufficient knowledge to admit or deny the allegations contained in Paragraph 221 of the Complaint. Therefore, the allegations are denied.

222. BOR denies the allegations of Paragraph 222.

223. BOR states that Paragraph 223 does not contain facts but argument and legal conclusions to which no response is required. To the extent a response is required, BOR denies.

224. BOR denies the allegations of Paragraph 224.

225. BOR states that the language of the Policy speaks for itself.

226. BOR denies the allegations of Paragraph 226.

227. BOR states that the language of the Handbook speaks for itself.

228. BOR denies the allegations of Paragraph 228.

229. BOR states that the language of the Policy speaks for itself.

230. BOR denies the allegations of Paragraph 230.

PLAINTIFF'S DAMAGES

231. BOR states that Paragraph 231 does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion to which no response is required. To the extent a response is required, BOR denies.

232. BOR states that Paragraph 232 does not contain facts but argument, legal conclusions, and Plaintiff's view and/or opinion to which no response is required. To the extent a response is required, BOR denies.

233. BOR states that Paragraph 233 does not contain facts but argument and Plaintiff's view and/or opinion to which no response is required. To the extent a response is required, BOR denies.

234. BOR denies the allegations of Paragraph 234.

235. BOR denies the allegations of Paragraph 235.

236. BOR denies the allegations of Paragraph 236.

## VIOLATION OF TITLE IX: ERRONEOUS OUTCOME

237. BOR repeats and re-alleges each and every response hereinabove as if fully set forth herein.

238. Paragraph 238 is a quoted statement from Title IX to which no response is required.

239. Paragraph 239 does not contain facts but legal conclusions to which no response is required.

240. Paragraph 240 does not contain facts but legal conclusions to which no response is required.

241. Paragraph 239 does not contain facts but legal conclusions to which no response is required.

242. Paragraph 242 is a quoted statement from the Code of Federal Regulations which no response is required.

243. Paragraph 243 is a quoted statement from the Department of Education to which no response is required. BOR states that the language of the Guidance speaks for itself.

244. BOR states that the language of the Guidance speaks for itself.

245. BOR states that the language of the Guidance speaks for itself.

246. Paragraph 246 does not contain facts but legal conclusions to which no response is required.

247. BOR denies the allegations of Paragraph 247.

248. BOR denies the allegations of Paragraph 248.

249. BOR denies the allegations of Paragraph 249.

250. BOR denies the allegations of Paragraph 250.

251. BOR denies the allegations of Paragraph 251.

252. BOR denies the allegations of Paragraph 252.

253. BOR denies the allegations of Paragraph 253.

## VIOLATION OF TITLE IX: RETALIATION

254. BOR repeats and re-alleges each and every response hereinabove as if fully set forth herein.

255. Paragraph 255 is a quoted statement from Title IX to which no response is required.

256. Paragraph 256 does not contain facts but legal conclusions to which no response is required.

257. Paragraph 257 does not contain facts but legal conclusions to which no response is required.

258. Paragraph 258 does not contain facts but legal conclusions to which no response is required.

259. BOR states that Paragraph 259 does not contain facts but argument and Plaintiff's view and/or opinion to which no response is required. To the extent a response is required, BOR denies.

260. BOR states that Paragraph 260 does not contain facts but argument and Plaintiff's view and/or opinion to which no response is required. To the extent a response is required, BOR denies.

261. BOR denies the allegations of Paragraph 261.

262. BOR states that Paragraph 260 does not contain facts but argument and Plaintiff's view and/or opinion to which no response is required. To the extent a response is required, BOR denies.

263. BOR admits the memorandum but denies that "none of the issues…were actionable."

264. BOR denies the allegations of Paragraph 264.

265. BOR denies the allegations of Paragraph 265.

266. BOR denies the allegations of Paragraph 266.

267. BOR denies the allegations of Paragraph 267.

268. BOR denies the allegations of Paragraph 268.

VIOLATION OF EQUAL PROTECTION: GENDER DISCRIMINATION

269. BOR repeats and re-alleges each and every response hereinabove as if fully set forth herein.

270. Paragraph 270 states a legal conclusion to which no response is required.

271. Paragraph 271 is a quoted statement from the Constitution to which no response is required.

272. Paragraph 272 is a quoted statement from 42 U.S.C. § 1983 to which no response is required.

273. BOR denies the allegations of Paragraph 273.

274. BOR denies the allegations of Paragraph 274.

275. BOR denies the allegations of Paragraph 275.

276. BOR denies the allegations of Paragraph 276.

277. BOR denies the allegations of Paragraph 277.

278. Paragraph 278 states an argument and legal conclusion to which no response is required; to the extent a response is required, BOR denies.

279. Paragraph 279 states an argument and legal conclusion to which no response is required; to the extent a response is required, BOR denies.

The remainder of the Plaintiff's Complaint is a Prayer for Relief. BOR denies that Plaintiff is entitled to any of the relief he seeks.

This 13th day of April, 2023.

Respectfully submitted,

CHRISTOPHER M. CARR 112505
Attorney General

**s/ Bryan K. Webb**
BRYAN K. WEBB
Deputy Attorney General 743580

**s/ Katherine P. Stoff**
KATHERINE P. STOFF
Senior Assistant Attorney General 536807

**s/ Devin Hartness Smith**
DEVIN HARTNESS SMITH 918980
Special Assistant Attorney General

PLEASE SERVE:

DEVIN HARTNESS SMITH
Special Assistant Attorney General
Cook & Tolley LLP
304 East Washington Street
Athens, Georgia 30601
Telephone: (706) 549-6111
Facsimile: (706) 548-0956
Email: devinhsmith@cooktolley.com
*Counsel for Defendant Board of Regents of the University System of Georgia*

## **CERTIFICATE OF SERVICE**

I certify that I have this day served the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all attorney of records.

This 13th day of April, 2023.

**s/ Devin Hartness Smith**
DEVIN HARTNESS SMITH          918980