IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THOMAS CROWTHER,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERISTY SYSTEM OF GEORGIA, MICHELE REED, SCOTT THORP, BENJAMIN HUTTON, and BROOKS KEEL,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-04000-VMC |

**ORDER**

This matter is before the Court on Defendants' Motion for Reconsideration of Certification (Doc. 50). On March 15, 2023, the Court entered an Order granting in part and denying in part Defendants' Motions to Dismiss Plaintiff's Complaint. (Doc. 44). In that Order, the Court addressed a circuit split on the question of whether Title VII precludes claims for sex discrimination in employment under Title IX, a question that the Eleventh Circuit has not yet decided. *See Heatherly v. Univ. of Ala. Bd. of Trs.*, 778 F. App'x 690, 694 (11th Cir. 2019)). Ultimately, the Court held that Title VII did not preclude Plaintiff's Title IX claims, but dismissed all of Plaintiff's claims under statutes other than Title IX. As a result, the sole claims that

remain pending are Plaintiff's Title IX claims for sex discrimination in employment.

The Court's holding resolved a pure question of law for which there was a substantial ground for disagreement — indeed, the Court recognized that several other judges in this district had come out the opposite way. (*See* Doc. 44 at 14). Moreover, as the only claims that remain pending in this case are Title IX claims, an appeal may materially advance the litigation, as an Order reversing the Court on this issue would be dispositive of the entire case. The Court finds these circumstances continue to exist as of the date of entry of this Order.

For the foregoing reasons, it is **ORDERED** that Defendants' Motion for Reconsideration of Certification (Doc. 50) is **GRANTED**. Therefore, pursuant to 28 U.S.C. § 1292(b), the Court reconsiders, vacates, and reenters its prior Order amending its March 15, 2023 Order (Doc. 44) to include the following language at the end of the Order:

The Court holds that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Accordingly, the Court certifies the following question to the Eleventh Circuit for interlocutory appeal:

Whether Title VII precludes claims for sex discrimination in employment brought under Title IX?

In certifying this question, the Court does not intend its particular phrasing of said question to limit the Eleventh Circuit's consideration of the issue presented in this action. All proceedings in this Court are stayed pending resolution of any application for interlocutory appeal and, if such an appeal is granted, disposition of any resulting appeal.

**SO ORDERED** this 12th day of May, 2023.

_____
Victoria Marie Calvert
United States District Judge